ALFORD H. LEDBETTER, APPELLANT, *v.* PAULINA L. SPRINGER, ADMINISTRATOR OF THE ESTATE OF HANNAH LUELLA WEAVER AKA HANNAH LUELLA LEDBETTER, RESPONDENT.

No. 11176

September 9, 1980                    616 P.2d 394

*Smith & Gamble, Ltd.,* and *Samuel Wardle,* Carson City, for Appellant.

*Diehl, Recanzone & Evans,* Fallon, for Respondent.

## OPINION

*Per Curiam:*

Appeal is taken from a judgment of dismissal pursuant to NRCP 41(b). Appellant filed an action to recover a trailer house and three acres of land from the estate of Hannah Weaver. At trial, when it became apparent that appellant had purchased the property and placed it in Hannah's name to evade potential creditors' claims, the trial judge granted respondent's motion to dismiss.

The creditors appellant apparently intended to escape did not in fact materialize, one, his wife, and the other a judgment creditor. He was living with Hannah Weaver while separated from his wife and divorce proceedings were pending in California. He and his wife settled their property interests amicably and divorced. From his division of the proceeds of the sale of one of their properties he purchased the property here.

The judgment creditor's claim was reduced from $15,000 and settled for $2,500, which Ledbetter paid.

Hannah was killed in an automobile accident while the property was still in her name. The action here is not one brought by a complaining creditor nor by a party to the purportedly fraudulent transaction. The trial judge placed complete

reliance on Allison v. Hagan, 12 Nev. 38 (1877), without permitting a full trial or evidence other than Ledbetter's recognition that he bought the property in Hannah's name, thinking it was the safe thing to do. The aborted trial therefore deprives this court of a complete record that would reflect the significance, if any, of the absence of non-complaining creditors, the absence of parties who did not participate in the transaction and possibly other considerations.

We reverse and remand.

MOWBRAY, C. J., and THOMPSON and MANOUKIAN, JJ., and ZENOFF, SR. J.,[1] and GUY, D. J.,[2] concur.